


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, **Plaintiff,** | § § § § § § | **3:06cv1351 JUDGE JAMES MAG. JUDGE HAYES** |
| versus | § § § § § | COMPLAINT |
| KILPATRICK CENTRAL AMERICAN LIFE INSURANCE CO., a/a/o KILPATRICK FUNERAL HOMES **Defendant.** | § § § § § § | **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Ms. Rhonda J. Woodard. The Commission alleges that Ms. Woodard was sexually harassed by Insurance Agent Ron Franklin. Ms. Woodard rejected Mr. Franklin's advances. Ms. Woodard complained about Mr. Franklin's behavior to her immediate supervisor, Claims Manager Donna Pilcher. Ms. Woodard also submitted a written complaint about Mr. Franklin's behavior to his immediate supervisor, Regional Manager Daniel Graffeo. The Commission further alleges that in retaliation for filing the sexual harassment complaint, the Defendant terminated Ms. Woodard. The Commission's allegations are discussed in greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Monroe Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Kilpatrick Central American Life Insurance Co., a/a/o Kilpatrick Funeral Homes (the "Employer" or "Defendant"), has continuously been a Louisiana corporation doing business in the State of Louisiana and the City of West Monroe, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Ms. Rhonda J. Woodard filed a charge with the Commission alleging violations of Title VII by the Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least May of 2004, Defendant has engaged in unlawful employment practices in West Monroe, Louisiana, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a). Specifically:

   A. While an employee of Defendant, Ms. Woodard was sexually harassed by insurance agent Ron Franklin. Said harassment included but is not limited to inappropriate sexual statements, requests for dates, and inappropriate and unwarranted touching. Woodard began her employment with the Defendant as a secretary/cashier on July 3, 2003. She worked under the supervision of Donna Pilcher, Claims Manager, in the West Monroe, Louisiana area. During her tenure with the Defendant, Woodard was assigned to work with insurance agent Ron Franklin. From the very beginning of their working relationship, Franklin subjected her to unwelcome sexual comments which escalated into sexual advances where Franklin would repeatedly ask her to lunch or dinner. Despite her repeated rejections, Franklin's behavior persisted. After several months of this behavior, Franklin began to "brush up against" Woodard alleging it was just a "mistake." Again, despite her repeated rejections, this behavior continued. In August 2004, Woodard complained to her immediate supervisor, Donna Pilcher, who indicated she would discuss the matter with Pilcher's boss, Beth Bostwick. Woodard heard nothing back from Pilcher and Franklin's behavior continued. In October 2004, Woodard submitted a letter to Defendant's Regional Manager Daniel Graffeo informing him of Franklin's sexual comments, touching and advances to which she got no reply. Mr. Graffeo managed Franklin's work. Despite Woodward's verbal and written requests, and despite Franklin's history of sexual harassing behavior, Defendant took no immediate responsive action to address Ms. Woodard's complaints contrary to their policy.

   B. Ms. Woodard complained about Mr. Franklin's behavior verbally to her immediate supervisor, Claims Manager Donna Pilcher who stated she would discuss the matter with her own supervisor, Beth Bostwick, who according to Defendant's policy is one of the persons to whom complaints are made. Ms. Woodard never heard anything more from Ms. Pilcher or anyone else.

On or about October 18, 2004, Ms. Woodard submitted a letter to Regional Manager Daniel Graffeo, who according to the Defendant was Mr. Franklin's immediate supervisor, complaining about Mr. Franklin's unwelcome sexual jokes, advances and inappropriate touching. Ms. Woodard received no response to her complaint. On or about October 28, 2004, Ms. Woodard requested a transfer to another office to get away from Franklin. No action was taken to address her written complaint nor her request for a transfer. Rather, as a result of her complaints, the Defendant terminated Ms. Woodard in November 2004 in retaliation for complaining about Franklin, who had a history of sexual harassment, but was considered a "good salesman." This interfered with Ms. Woodard's efforts to advance her EEO rights protected by Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Woodard of equal employment opportunities and to otherwise adversely affect her status as an employee, because of sex and opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Ms. Woodard.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminate on the basis of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for employees who participate or

oppose unlawful employment practices and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Woodard by providing reinstatement, appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to compensatory and punitive damages.

D. Order Defendant Employer to make whole Ms. Woodard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Woodard by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Ms. Woodard punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

*/s/ Jim Sacher /by MJB/*
**JIM SACHER**
Regional Attorney
Bar Roll Number 14888

*/s/ Rudy Sustaita /by MJB/*
**RUDY SUSTAITA**
Acting Supervisory Trial Attorney
No Bar Roll Number Assigned
Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002

*/s/ Michelle J. Butler/*
**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
Bar Roll Number 1286
Equal Employment Opportunity Commission
New Orleans Field Office
1555 Poydras Avenue, Suite 1900
New Orleans, LA 70112
Tel:   (713)209-3398 (Sacher)
       (713) 209-3400 (Sustaita)
       (504) 595-2872 (Butler)(TA)
Fax:   (504) 595-2886
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**Agent for Service:
Robin Kilpatrick Fincher
President, Kilpatrick Funeral Homes
1401 North 7th Street
West Monroe, Louisiana 71291**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

1555 Poydras Avenue, Suite 1900
New Orleans, LA 70112-
(504) 595-2825
TTY (504) 589-2958
FAX (504) 589-6861

Michelle Butler Direct Dial (504) 595-2872

August 8, 2006

3:06cv1351-RGJ-KLH

Sent by Express Mail

Honorable Richard Shemwell
United States Clerk of Court
United States District Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 9 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

RE: EEOC v. Kilpatrick Central American Life Insurance Company
a/a/o Kilpatrick Funeral Homes

Dear Sir:

Enclosed, please find an original and five copies of Plaintiff EEOC's Complaint against Kilpatrick Central American Life Insurance Company a/a/o Kilpatrick Funeral Homes along with the Civil Cover Sheet and the Financial & Civil Allotment Sheet. EEOC would like to file this complaint with the court. Please return the excess stamped copies of the complaint in the self-addressed stamped envelope. Thank you.

Sincerely,

Michelle T. Butler
Senior Trial Attorney

504-595-2872

Enclosure